MESSERSMITH (McVEIGH v.). See Case No. 8,931.

MESSINGER (CARTER v.). See Case No. 2,-478.

MESSMORE (TRADER v.). See Case No. 14,-132.

━━━━━━━━

## Case No. 9,493c.

### METAL STAMPING CO. v. CRANDALL.

[18 O. G. 1531.]

Circuit Court, N. D. New York. Oct. Term, 1880.

BILL OF REVIVOR—BY ASSIGNEE—SUPPLEMENTAL BILL—PRACTICE IN EQUITY—UNINCORPORATED COMPANY—HOW SUIT PROSECUTED.

1. A bill of revivor will not lie when filed by the assignee of the original complainant, as the right to file such a bill is confined to cases of representation of the party deceased by the mere operation of law.

2. In case of the death of an original complainant and assignor the proper course for the assignee is to file a supplemental bill.

3. The bill of an unincorporated company should be prosecuted in the names of the individual partners, and not in the name of the company.

In equity.

A. v. Briesen, for complainant.

R. H. Duell, George W. Hay, and Charles H. Duell, for defendant.

WALLACE, District Judge. This cause comes here upon the bill of revivor filed by the complainants, the plea of the defendant, the replication of the complainant, and the proofs taken under the issue thus raised. The original bill was filed by Charles Schuessler, March 24, 1879, to restrain the infringement of letters patent [No. 61,628] for an "improvement in buckle-fastenings," originally issued to Robert Meyers on the 29th day of January, 1867, assigned by him to Schuessler, May 8, 1874, and reissued to Schuessler, as assignee of Meyers, May 23, 1876 [No. 7,129]. There was an answer and replication in the original suit, and proofs were taken therein [Case No. 12,485]; but before a hearing, and on the 6th day of September, 1879, Schuessler died. The proofs show that March 16, 1874, Schuessler and one Walters entered into an agreement to become partners under

the name of the Metal Stamping Company, by which, among other things, they agreed that all inventions or improvements made by either party, or for which either party should obtain letters patent, should be owned by the parties jointly and equally. November 27, 1877, one Loercher was, by articles of agreement admitted as a partner into the firm of the Metal Stamping Company, the agreement reciting that Loercher was to have a fifth interest in the assets and business of the firm as manufacturers under various letters patent including the Meyers reissued letters patent. By a further agreement made between the partners August 13, 1879, Schuessler transferred to the Metal Stamping Company the sole and exclusive right and privilege to manufacture, use, and sell the invention and improvement described in the letters patent during the life of the partnership, and the agreement of transfer also provided that upon the dissolution or extinction of the partnership the letters patent should only be assigned by the joint signatures of the partners or their legal representatives. It thus appears that when the original bill was filed Schuessler held the legal title to the patent in question; but the equitable title to the patent and the right to recover for damages by reason of its infringement since its assignment to Schuessler was in the Metal Stamping Company, and by the instrument of August 13, 1879, the legal title to the patent became vested in the Metal Stamping Company, because after that nothing remained in Schuessler which he could transfer without the participation of the other members of the firm.

The case thus presents the single question whether a bill of revivor will lie to introduce the Metal Stamping Company into the controversy, and I am of opinion that it will not, because the complainant's interests have not been acquired by the death of Schuessler, but by the transfers and agreements made between him and the complainants. After the complainants acquired the legal title to the patent they were in a position to file a supplemental bill. Story, Eq. Pl. § 346. The right to file a bill of revivor is confined to cases of representation of the party deceased by the mere appointment and operation of law. Story, Eq. Pl. § 354. On the other hand there may be a priority of right and title under the deceased by a transfer or conveyance of that right to a person who is not in by mere operation of law, and is not the heir or personal representative of the deceased, and in such a case a bill of revivor will not lie. 2 Barb. Ch.-Prac. 51.

It is proper to suggest that as the Metal Stamping Company is not a corporation, but the name of a partnership, neither a bill of revivor nor a supplemental bill can be prosecuted except in the names of the individual partners. This point has not been raised, but should not be overlooked if further proceedings are taken. Judgment is ordered for the defendant upon the plea.